[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven at new Haven. The plaintiff and the defendant, whose maiden name is Polwacz, were married on January 2, 1992 in Mragowo, Poland. The plaintiff has resided continuously in the State of Connecticut for a least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects for reconciliation. There is one minor child issue of the marriage, Tomasz, born November 7, 1981. No other children have been born to the defendant wife since the date of the marriage of the parties. The marriage has broken down irretrievably without any realistic prospects for reconciliation.
The plaintiff husband is fifty-one years of age. He is in good health except for high blood pressure. He is employed as a maintenance mechanic at the Producto Machine Co. In Bridgeport. Connecticut.
The defendant wife is fifty-six years of age and in relatively good health. She had a problem with her spine but received medical attention. There were no complications. The defendant has a masters degree in Business Administration which she earned in Poland. She is currently employed full time as an assembler at LCD Lighting Inc. in Orange, Connecticut.
The parties met in Poland. The plaintiff believes they started dating in February 1981 and had five or six dates. The defendant believes they started dating in the fall of 1980. The defendant informed the plaintiff that she was pregnant three days before he emigrated from Poland to the United States. He did not believe her. He also did not tell her that he was leaving because he believed she might have interfered. She worked at City Hall CT Page 11730 and it was very difficult to obtain a passport.
The plaintiff left in Poland fifteen siblings including a brother who lived below the defendant in the same apartment building. The defendant did not notify the plaintiff or any of his relatives of the birth of the child Tomasz. The plaintiff did not visit Poland between 1981 and 1990. During his first visit to Poland in 1990 he was told by a neighbor about the child. He went to the mother's apartment and finding no one there, he left a letter. The parties started corresponding. In July 1990, the plaintiff requested a photograph of the child.
The plaintiff went to Poland in 1991 where he had his first face to face meeting with the defendant since 1981 and he also met his son for the first time. During that time the mother was hospitalized for three weeks. The plaintiff stayed with the son and visited the defendant in the hospital. The parties discussed getting married with one of the reasons being to get better health care and benefits for the minor child. The child had been diagnosed with Hodgkins disease in 1986. He has been treated at Yale New Haven Hospital and the parents presently consider him cured.
The plaintiff went to Poland again in December 1991 and the parties were married there on January 2, 1992. Thereafter the plaintiff visited Poland every six months and maintained regular weekly telephone contact with his wife and child. He sent money, clothing and other items on a regular basis. He also provided a credit card for his wife.
The plaintiff started the process to have his wife and child join him in Connecticut. Unfortunately that process took almost four years. They joined him in Connecticut in November 1995. The plaintiff and his son are naturalized citizens. The defendant has not yet applied for citizenship. The plaintiff and defendant had separate bedrooms on opposite sides of the house. The plaintiff had a lock and alarm on his bedroom door and the defendant had a lock on her bedroom door. The plaintiff believes they never shared a bed or bedroom while living in the marital residence. The defendant believes they were together a few times in 1995 and three times in 1996. He attempted to reconcile in 1998.
The parties are in disagreement as to the cause of the breakdown of the marriage. The plaintiff believes the marriage broke down in 1995. The defendant who was still living in Poland CT Page 11731 left there and went to Germany. She was in Germany from June 1994 to December 1994. She did not tell the plaintiff where she was and did not believe that she had to. There was no contact between the parties during that time. The plaintiffs last trip to Poland was the summer of 1994.
The plaintiff admits to having a relationship with another woman between 1982 and 1992. He claims to have terminated that relationship when he got married. He resumed that relationship in 1995 and has been living with that woman since March 1995 when he filed this action.
Many factors have contributed to the breakdown of this marriage including the circumstances of the birth of the child and the marriage. The parties were separated and had no contact for approximately ten years between the birth of the child and the marriage. The parties were separated for almost four years before they could establish a household together.
The major assets considered for distribution are as follows: (1)equity in the marital residence (2) the plaintiffs 401K and the plaintiffs IRA. The marital residence located at 7 Edgehill Drive, East Haven was purchased by the plaintiff in 1988, approximately four years before the marriage. Approximately fifty percent of the equity was accumulated during the marriage. The IRA was accumulated prior to the marriage and approximately sixty-eight percent of the 401K was accumulated during the marriage.
The court has considered the evidence and the provisions of C.G.S. § 46b-82 as to alimony, C.G.S. § 46b-84 as to maintenance of the minor child, C.G.S. § 46b-56 as to custody and § 46b-81 as to property division. The court enters the following orders:
BY WAY OF DISSOLUTION
The marriage is dissolved. Each party is declared to be single and unmarried.
BY WAY OF ALIMONY
1. The plaintiff is ordered to pay the defendant periodic alimony in the amount of $125.00 per week.
2. The alimony payments will terminate upon the earliest of CT Page 11732 the following:
 a) the death of either party, b) the remarriage of the defendant, c) August 31, 2003. By that time the child would have graduated high school, the defendant should be proficient in the English language and with a masters degree in Business Administration would be self supporting.
3. Alimony is non-modifiable as to term but is modifiable in accordance with C.G.S. § 46b-86(a) and (b).
BY WAY OF SUPPORT
The plaintiff is ordered to pay $226.00 per week in accordance with the child support guidelines.
BY WAY OF CUSTODY AND VISITATION
1. There shall be sole legal custody to the defendant wife with primary residence with the defendant.
2. The plaintiff has reasonable visitation at mutually agreed times taking into consideration the age and activities of the child.
BY WAY OF INSURANCE
1. The plaintiff shall maintain medical and dental insurance for the minor child as available through his employer. Any unreimbursed or uninsured expenses will be the sole responsibility of the plaintiff as requested by both parties in their claims for relief.
2. The plaintiff shall make available medical insurance under COBRA for the maximum period allowed by law. The defendant may exercise that option at her expense. If the cost is more expensive than that available through her employer the plaintiff shall pay the difference in cost.
3. The plaintiff shall maintain life insurance policy in effect for the benefit of the minor child at no less than $100,000 as long as there is a child support obligation.
BY WAY OF PROPERTY
CT Page 11733
1. The plaintiff is awarded the residence at 7 Edgehill Dive, East Haven. The defendant however shall have exclusive possession of the residence until August 31, 2000. The minor child is expected to graduate from high school in June 2000. The plaintiff shall pay the first mortgage and all expenses associated with the property. The plaintiff is entitled to the deduction for interest paid for tax purposes. The defendant shall be responsible for all utilities including telephone service. The defendant shall be responsible for minor repairs of $500.00 or less. Any repairs over $500.00 must be approved by the plaintiff and he will be responsible for such. The defendant must keep the residence in good repair.
If the defendant has any interest in the property she shall quit claim any right, title and interest to the plaintiff within thirty days of the judgment.
2. The plaintiff is awarded his 401K plan and IRA.
3. The defendant is awarded $45,000 lump sum property settlement as an offset to the 401K plan. The plaintiff may roll over that sum from his IRA and establish a separate IRA for the defendant within 90 days after judgment.
4. The defendant is awarded all other assets and deferred compensation listed on his financial affidavit.
5. The plaintiff is awarded all bank accounts listed on his financial affidavit.
6. The 1990 Lincoln valued at $2,000.00 is awarded to the plaintiff and the 1993 Crown Victoria valued at $7,890.00 is awarded to the defendant. Any documents necessary to transfer title shall be executed within thirty days.
7. Each party is responsible for any liabilities listed on their respective financial affidavit.
8. The defendant shall be entitled to claim the minor child as a dependent for federal and state income tax purposes.
9. Alimony and support payments are to be made by immediate wage withholding. Until the wage withholding is in effect the plaintiff is responsible for the payments by bank check or money CT Page 11734 order.
10. Counsel for the plaintiff shall prepare the judgment file and send to counsel for the defendant for signature and filing within thirty days.
Crawford, J.